UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MYLES A. HOOVER,                                          No. 07-11588

                                   Debtor(s).
_____/

ANDREA A. WIRUM, Trustee,

                                   Plaintiff(s),

                      v.                                   A.P. No. 08-1068

MYLES A. HOOVER, et al.,

                                   Defendant(s).
_____/

Memorandum After Trial
_____

       Debtor Myles A. Hoover is an amiable elderly gentlemen who evidently has not been fond of paying taxes. His residence at 1368 Calistoga Road in Santa Rosa is encumbered by a throng of state and federal payroll, sales, and income tax liens far beyond its value. For reasons not exactly clear to the court, plaintiff Andrea Wirum, the chapter 7 trustee of Hoover's bankruptcy estate, sold the property free and clear of liens. She has now decided she has no claim to the net proceeds of about $263,000.00. Hoover has come forward with a set of calculations arguing that he is entitled to about $38,000.00 from the proceeds. Both the federal and state taxing authorities vigorously oppose Hoover receiving a dime.

1

Hoover's theory is this: He has claimed the residence as exempt under California homestead law. There were a few judgment liens on the property which were senior to some of the tax liens. Those liens are avoidable by him pursuant to § 522(f)(1)(A) of the Bankruptcy Code. Liens avoided by him pursuant to § 522(f)(1)(A) are preserved for his benefit pursuant to § 522(i)(2). Therefore, he is entitled to proceeds attributable to the judgment liens notwithstanding that his homestead rights are junior to all of the tax liens.

There is a significant flaw in this argument, however. Hoover has not avoided any of the judgment liens. He claims that their default in this adversary proceeding is the functional equivalent, but the court sees no basis for this leap of procedure. He filed no cross-claims against the judgment lien creditors, and in any event judgment liens are avoided by motion pursuant to Rule 4003(d) of the Federal Rules of Bankruptcy Procedure.

Even if he had avoided the judgment liens, exempted property is liable during or after the case for debts secured by tax liens pursuant to § 522(c)(2)(B). It therefore appears that the tax claimants might have a means of collecting from the proceeds of the judgment liens if Hoover avoided them. This issue is not before the court.

All parties seem to assume that because the defaults of the judgment lien creditors have been entered the judgment lien creditors have forfeited all rights in the proceeds. However, there is not the slightest hint that any of them are in any way invalid. The court is not required to disregard them, and doing so would give the tax claimants an unfair windfall.[1] They, after all, have no right to avoid judgment liens. Entry of judgment after default is a matter of discretion, not right. *In re Beltran*, 182 B.R. 820, 823 (9th Cir. BAP 1995).

---

[1] It is interesting to note that the ability of the tax authorities to collect anything from the judgment liens depends on the willingness of Hoover to avoid them. If he takes no action, the judgment liens must be honored and paid. If he avoids them, the tax authorities might have a crack at them pursuant to § 522(c)(2)(B). Of course, Hoover has no incentive to avoid the liens if he thinks the tax authorities will take all the proceeds.

2

1   The court has reviewed the proposed distribution scheme urged by Hoover and finds it to be the
2   proper way to distribute the proceeds, except that those amounts attributable to the judgments of Wilson,
3   Western Pacific and Palmer Systems shall be paid to those creditors and not to Hoover.
4   This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a)
5   and FRBP 7052. Counsel for Wirum shall submit an appropriate form of judgment forthwith.

Dated: December 17, 2008

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge